UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SUNBELT RENTALS, INC.<br>Plaintiff<br><br>vs.<br><br>XTM ENTERPRISES LLC<br>Defendant. | )<br>)<br>)<br>)<br>)  Case No.: 3:21-cv-408-TSL-RPM<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt") files this Complaint against Defendant XTM Enterprises LLC ("XTM").

### PARTIES

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant XTM is a corporation formed under the laws of Mississippi. Upon information and belief, XTM's principal place of business is located in Flora, Mississippi.

### JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

4. This Court has personal jurisdiction over Defendant XTM because it is an LLC formed in Mississippi with its principal place of business in Mississippi; and, upon information and belief, all its members are citizens of Mississippi. XTM also transacted

1

business in the state of Mississippi, and those transactions form the basis of this action.

## VENUE

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of property that is the subject of the action is situated, in the Southern District of Mississippi.

## FACTS

6. Sunbelt rents equipment to its customers for use in construction projects.

7. Upon information and belief, XTM is a general contractor.

8. In 2020, Cletwain McMurtery, Owner and Chief Executive Officer of XTM, executed on XTM's behalf an online credit application (the "Application") with Sunbelt.

9. A true and accurate copy of the Application is attached hereto as **Exhibit A**.

10. By submitting its Application, XTM agreed to Sunbelt's Terms and Agreement (the "Open Account Terms"). A true and accurate copy of these Open Account Terms is attached hereto as **Exhibit B.**

11. Under the Open Account Terms, all invoices that are not paid when due are subject to service charges of 1.5% per month. (Exhibit B at p. 2). Further, under the Open Account Terms, XTM agreed to pay all costs and expenses Sunbelt incurs in collecting balances due — including reasonable attorneys' fees not to exceed "a sum equal to fifteen percent (15%) of the outstanding balances owing." (*Id.*).

12. In August 2020, Sunbelt approved XTM's Application. Sunbelt's approval established an open account ("Open Account") through which XTM could rent equipment from Sunbelt on credit.

13. Beginning in August 2020, XTM rented certain equipment (the "Equipment")

from Sunbelt for use in various construction projects.

14. XTM agreed to Sunbelt's Rental Contract and Terms and Conditions ("Rental Terms and Conditions") when it accepted each piece of Equipment and received each invoice. *See* Exhibit B at p. 1 ("Customer has received, read, understands and accepts all of the terms and conditions of Sunbelt's rental contract, which are on the reverse side of each and every rental contract . . . ."). A true and correct copy of the Rental Terms and Conditions is attached hereto as **Exhibit C.**

15. Under the Rental Terms and Conditions, XTM agreed to "pay all of Sunbelt's costs, including reasonable costs of collection, court costs, [and] attorneys and legal fees" that Sunbelt incurs in collecting any outstanding balances. Exhibit C at ¶ 15.

16. Beginning on September 30, 2020, XTM became overdue on rental payments for the Equipment. A true and accurate copy of the unpaid invoices (the "Invoices") reflecting the rental charges and late fees for the Equipment is attached hereto as **Exhibit D**.

17. To collect on these past due amounts, on April 28, 2021, Sunbelt served a formal demand to XTM via email and U.S. Mail at the address XTM provided upon applying for credit, attached hereto as **Exhibit E**.

18. To date, XTM has failed to remit payment for its overdue invoices and has failed to pay the outstanding balance on its Open Account with Sunbelt.

19. A true and correct copy of Sunbelt's account summary for XTM (the "Account Summary") is attached hereto as **Exhibit F**. The Account Summary reflects that as of the date of this Complaint, XTM's outstanding balance, including the amount of the unpaid invoices and applicable service charges, equals or exceeds $65,029.89.

20. Sunbelt has also incurred substantial attorneys' fees in its attempts to collect this balance due, and it will continue to incur attorneys' fees throughout this action. When

these attorneys' fees are added to the balance due, XTM's amount owing exceeds the sum of $75,000.

21. This dispute therefore exceeds the jurisdictional minimum. Moreover, XTM continues to incur service charges on its past due account. Interest continues to accrue, per the Open Account Terms.

### CLAIM 1 – BREACH OF CONTRACT: XTM

22. Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this Complaint.

23. The Open Account Terms, the Rental Terms and Conditions, and the Invoices constitute the contract between Sunbelt and XTM.

24. Despite XTM's use of the Equipment, and despite proper demand from Sunbelt, XTM breached the contract by failing to pay Sunbelt for its rental of the Equipment.

25. Sunbelt suffered damages because of XTM breach of contract.

### CLAIM 2 – ACTION ON OPEN ACCOUNT: XTM

26. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 25 of this Complaint.

27. Sunbelt provided a series of services to XTM by enabling XTM to rent the Equipment on credit.

28. As evidenced in the Invoices and Account Summary attached hereto as Exhibits D and F, respectively, an unsettled debt exists on XTM's Open Account. That debt remains unresolved.

29. Accordingly, Sunbelt has suffered damages because of XTM's failure to

settle the debts on its Open Account.

### CLAIM 3 – UNJUST ENRICHMENT: XTM

30. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 29 of this Complaint.

31. Sunbelt rented the Equipment to XTM.

32. Despite XTM's use of the Equipment, XTM did not pay to Sunbelt any of the rental charges for the Equipment, and it would be unjust for XTM to retain the benefit of such Equipment without paying for the same.

33. Accordingly, XTM is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

### CLAIM 4 – ATTORNEYS' FEES: XTM

34. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 33 of this Complaint.

35. Because of the plain breaches by XTM, it became necessary for Sunbelt to retain attorneys to litigate its claims.

36. In accordance with the Rental Terms and Conditions and Open Account Terms, Sunbelt is entitled to recover from XTM the reasonable attorneys' fees Sunbelt has incurred and will incur in enforcing its rights.

### PRAYER FOR RELIEF

WHEREFORE, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor granting the following relief: (i) a judgment making Defendant XTM liable to Sunbelt for the following: the Principal Amount, service charges that have accrued and will continue to accrue until the unpaid principal amount of the Invoices is fully collected, attorneys' fees and other costs and expenses Sunbelt has incurred and will continue to incur

to collect the amounts owed to Sunbelt, all other damages Sunbelt has suffered, pre-judgment interest, and post-judgment interest; and (ii) any other and further relief that this Court deems just and proper.

Respectfully submitted, this the 14th day of June, 2021.

                              SUNBELT RENTALS, INC.

                        BY: */s/ Kathryn K. Van Namen*
                             Kathryn K. Van Namen (MS # 104079)
                             BUTLER SNOW LLP
                             6075 Poplar Avenue, Suite 500
                             Memphis, TN 38119
                             T: (901) 680-7200
                             F: (901) 680-7201
                             Kate.VanNamen@butlersnow.com

                             ONE OF ITS ATTORNEYS

OF COUNSEL:
Brian Kimball, MS #100787
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400 (39157)
P.O. Box 6010
Ridgeland, Mississippi 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
Email: brian.kimball@butlersnow.com

54648825.v2